IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

PAUL WHITTON,

    Plaintiff,

v

CARSON SMITHFIELD, LLC,

    Defendant.

_____/

Case No.:

Hon.

## COMPLAINT

NOW COMES Plaintiff, Paul Whitton, by and through his attorneys, Huron Law Group PLLC, and for his Complaint, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* In particular, Defendant continued collection attempts directed at Plaintiff after having knowledge that Plaintiff was represented by a law firm with respect to an alleged consumer debt.

### PARTIES, JURISDICTION AND VENUE

2. Plaintiff Ronald Jordan is a natural person and resident of Clinton Township, Macomb County, State of Michigan, and a "consumer" as defined by the FDCPA.

3. Carson Smithfield, LLC ("Carson") is a debt collector under 15 U.S.C. § 1692a(6) incorporated in Delaware with its principal place of business in Albany, New York.

4. This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events took place here.

## STATUTORY STRUCTURE

5. Plaintiff incorporates by reference all other paragraphs of this Complaint.

6. The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

7. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

8. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

9. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

10. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

## GENERAL ALLEGATIONS

11. Plaintiff incorporates by reference all other paragraphs of this Complaint.

12. On February 10, 2014 paralegal Dolletta Ward-Tookes was forwarded a letter from Mr. Whitton regarding his Merrick Bank account that had been placed with Carson

Smithfield, LLC for collections. (**Affidavit attached Exhibit 1**)

13. On February 10, 2014 Ms. Ward-Tookes faxed a Power of Attorney to Defendant's office. Defendant confirmed receipt of the Power of Attorney.

14. On or about February 20, 2014 the client received a debt collection letter in the mail from Carson. (**Letter attached Exhibit 2**)

15. Despite the Power of Attorney being set by Plaintiff's attorneys, Defendant contacted Plaintiff on or about February 20, 2014 in an attempt to collect the alleged debt **(Letter attached Exhibit 2)**.

## COUNT I—15 U.S.C. § 1692c(a)(2) and 1692b(6)

16. Plaintiff incorporates by reference all other paragraphs of this Complaint.

17. Defendant improperly communicated with Plaintiff after having knowledge that Plaintiff was represented by counsel with respect to the alleged debt.

18. Plaintiff's attorneys responded within a reasonable amount of time to all communications from Defendant.

19. Plaintiff's attorneys did not give Defendant permission to contact Plaintiff directly.

20. Defendant's actions described above constitute a violation of 15 U.S.C. § 1692c(a)(2) and 1692b(6) of the FDCPA.

WHEREFORE, Plaintiff requests the following relief:

A. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

B. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and;

C. Such other relief as the Court deems just and equitable.

                                                  Respectfully submitted:

Dated: March 25, 2014                      /s/ Charles N. DeGryse
                                                Charles N. DeGryse (P72390)
                                                Huron Law Group PLLC
                                                Attorneys for Plaintiff
                                                30600 Telegraph Rd Ste 1240
                                                Bingham Farms, Michigan 48025
                                                (248) 443-7322-phone
                                                (248) 327-2531-fax
                                                cdegryse@huronlawgroup.com